The opinion of the Court was delivered by
Wardlaw, Ch.
We have attained the conclusion in this Court, that this case is not ripe for adjudication until other parties be made; and we desire to be as reticent as practica *153 ble of our opinions on the questions in the cause until all the interests of the parties may be fully concluded by-our judgment.
Whether under the marriage settlement in this case, the trusts of the land were executed or not in the beneficiaries upon the death of Mrs. Read, (which is not determined by us), it is clear that the legal estate in the personalty abided in the trustees and their representatives, and that these representatives, or at least the representatives of the survivor of the trustees, are necessary parties to a litigation involving partition, perhaps of the corpus, certainly of the income of the personalty. If these representatives be necessary parties as to the personalty, they are proper parties as to the realty, as to which the extent of their estate and their consequent liability are directly involved. Where real and personal estate are conveyed to the same person by the same words in a single clause, or by the same words in different clauses of one instrument, this constitutes some reason for giving the same construction as to both descriptions of estate. Genery vs. Fitzgerald, 1 Jacob.
We consider it safer, too, that representatives of the infants, Sarah Ann and William, be brought before the Court. That these children had some vested interests under the settlement can hardly be disputed, but the extent and the devolution of these interests may be disputable, and representatives of these interests are proper. It can scarcely ever be affirmed of decedent infants having estates, that they can owe no debts, at least, for the expenses of their last illness, and of their burial. The cases of Thompson vs. May, Riley’s Eq. Ca., 33, and Marsh vs. Nail, Rich. Eq. Ca., 115, stand on their peculiar circumstances; and for the reasons assigned in Petigru vs. Ferguson, 6 Rich. Eq., 378, it is the better course to require the representatives qf infants to be before the Court in contesta-tions concerning their estates.
*154 It is ordered and decreed, that the Circuit decree in this case be set aside; and that the plaintiff proceed with convenient dispatch to make representatives of the surviving trustee of the marriage settlement, and of Sarah Ann and William Read, parties to this suit.
It is further ordered that the cause be remanded to the Circuit Court.
JoiinstoN, Dunkin and Dargan, 00., concurred.

Oase remanded.